UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2012 SEP -4  PM 3: 53
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
    DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Petitioner, | ) ) ) |
| V. | ) ) ) CIVIL ACTION NO. |
| REAL PROPERTY LOCATED AND SITUATED AT 9801 N. WARE ROAD, MCALLEN, HIDLAGO COUNTY, TEXAS 78504, | ) ) ) ) ) SA12CA0823 OG |
| Respondent. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., and respectfully states as follows:

### I.
### NATURE OF THE ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the **Real Property located and situated at 9801 N. Ware Road, McAllen, Hidalgo County, Texas 78504**, with all buildings, appurtenances, and improvements thereon and any and all surface and sub-surface rights, title and interests, if any, and being more fully described as follows:

> Lot 1, Allen Estates Subdivision, Hidalgo County, Texas, according to the plat thereof recorded in Volume 45, Page 16, Plat Records of Hidalgo County, Texas.
>
> The North 4.85 acres of the South 5.30 acres of Lot 143, PRIDE O'TEXAS SUBDIVISION, Hidalgo County, Texas, according to map thereof recorded in Volume 5, Page 58 and 59, Map Records of Hidalgo County, Texas;

SAVE AND EXCEPT the West 400 feet previously conveyed to Lawrence R. Thompson and wife, Margaret V. Thompson by Deed date June 15, 1994, filed for record in the Office of the County Clerk of Hidalgo County, Texas, on June 30, 1995, under Clerk's File No. 395391 and corrected by instrument filed August 15, 1995 under Clerk's File No. 469168.

RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property,

hereinafter together referred to as the Respondent Real Property.

## II.
## VIOLATIONS

This is a civil forfeiture action *in rem* brought against the Respondent Real Property for violations of Title 18 U.S.C. §§ 1956 and 1957, and subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), which state:

> **§ 981. Civil forfeiture**
> **(a)(1)** The following shall be subject to forfeiture to the United States:
> **(A)** Any property, real or personal, involved in a transaction or attempted transaction of section 1956, 1957 or 1960 of this title, or any property traceable to such property.
>
> * * *
>
> **(C)** Any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of section ... this title or any offense constituting "specified unlawful activity" (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such offense.

## III.
## JURISDICTION AND VENUE

Under Title 28 U.S.C. § 1345, this Court has jurisdiction over an action commenced by the United States, and under Title 28 U.S.C. § 1355(a), jurisdiction over an action for forfeiture. This

Court has *in rem* jurisdiction over the Respondent Real Property under Title 28 U.S.C. §§ 1355(b) and 1395. Venue is proper in this district pursuant to Title 28 U.S.C. §§ 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

See Appendix A, which is filed under seal.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Real Property, that notice pursuant to Rule G(4) be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that an order to command the Internal Revenue Service to post the Notice of Complaint for Forfeiture in accordance with Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Fed. R. Civ. P., and Title 18 U.S.C. § 985(c)(1)(B), that the Respondent Real Property be forfeited to the United States of America, that the Respondent Real Property be disposed of in accordance with the law and for any such further relief as this Honorable Court deems just and proper.

---

[1] Appendix B, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Real Property.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By: *[signature]*

Mary Nelda G. Valadez
Assistant United States Attorney
Asset Forfeiture Section
601 N.W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas Bar No. 20421844

## **VERIFICATION**

Special Agent Luis A. Reyna, II, declares and say that:

1. I am a Special Agent with the Internal Revenue Service, assigned to the San Antonio Division Office, and am the investigator responsible for the accuracy of the information provided in this litigation;

2. I have read the above Verified Complaint for Forfeiture and know the contents thereof; that the information contained in the Verified Complaint for Forfeiture has been furnished by official government sources; and based on information and belief, the allegations contained in the Verified Complaint for Forfeiture are true.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this the 4th day of September, 2012.

Luis A. Reyna, II, Special Agent
Internal Revenue Service
San Antonio Division Office