UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) |
| | ) CIVIL ACTION NO.  SA-12-CV-823-OLG |
| REAL PROPERTY LOCATED AND | ) |
| SITUATED AT 9801 N. WARE ROAD, | ) |
| MCALLEN, HIDLAGO COUNTY, | ) |
| TEXAS 78504, | ) |
| | ) |
| Respondent. | ) |

**UNITED STATES OF AMERICA'S MOTION TO ENTER, AND TAKE
EXCLUSIVE POSSESSION, CUSTODY, AND CONTROL OF REAL PROPERTY
LOCATED AT 9801 N. WARE ROAD, MCALLEN, HIDALGO COUNTY, TEXAS**

Comes now Petitioner, United States of America, acting by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and respectfully moves the Court for an Order directing the Internal Revenue Service (IRS), and/or its designated representative, to take exclusive possession, custody, and control of the real property located and situated at 9801 N. Ware Road, McAllen, Hidalgo County, Texas 78504, which is more particularly described below and which is hereinafter referred to as the "Respondent Real Property." The instant motion is being filed pursuant to Supplemental Rule G(7)(a), Fed. R. Civ. P. for the purpose of securing and preserving the value and availability of the Respondent Real Property for civil forfeiture pending final determination and would show the Court the following:

I.

On September 4, 2012, a Verified Complaint for Forfeiture (Doc. 1) was filed in the instant cause, against the Respondent Real Property, to wit:

> **Lot 1, Allen Estates Subdivision, Hidalgo County, Texas, according to the plat thereof recorded in Volume 45, Page 16, Plat Records of Hidalgo County, Texas.**
>
> **The North 4.85 acres of the South 5.30 acres of Lot 143, PRIDE O'TEXAS SUBDIVISION, Hidalgo County, Texas, according to map thereof recorded in Volume 5, Page 58 and 59, Map Records of Hidalgo County, Texas;**
>
> **SAVE AND EXCEPT the West 400 feet previously conveyed to Lawrence R. Thompson and wife, Margaret V. Thompson by Deed date June 15, 1994, filed for record in the Office of the County Clerk of Hidalgo County, Texas, on June 30, 1995, under Clerk's File No. 395391 and corrected by instrument filed August 15, 1995 under Clerk's File No. 469168.**
>
> **RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property,**

to enforce the provisions of Title 18 U.S.C. §§ 1956 and 1957. Specifically, the United States has alleged that the Respondent Real Property was purchased with proceeds generated from money laundering violations.

## II.

Rule G(7)(a), Fed. R. Civ. P. in pertinent part states that:

> **Rule G. Forfeiture Actions in Rem**
> **(7) Preserving, Preventing Criminal Use, and Disposing of Property; Sales.**
> **(a) Preserving and Preventing Criminal Use of Property.** When the government does not have actual possession of the defendant property the court, on motion or on its own, may enter any order necessary to preserve the property, to prevent its removal or encumbrance, or to prevent its use in a criminal offense.

## III.

The United States has learned from the case agents, that the Respondent Real Property is currently vacant, and that service for the utilities has been discontinued. Also, there is a swimming

pool located on the Respondent Real Property which is no longer being maintained.  Therefore, under said circumstances, the Respondent Real Property is currently vulnerable to vandalism and deterioration. The United States of America urges that the granting of the instant motion is necessary to protect and secure the Respondent Real Property as well as to preserve the value and availability of the Respondent Real Property for civil forfeiture.

**IV.**

The purpose of this Motion is not to cause any individual or entity undue hardship. The United States urges this Motion is made in good faith and for good cause. The United States of America further urges that in light of the fact that the Respondent Real Property is vacant, the need to preserve the Respondent Real Property outweighs the hardship on any party against whom the Order is to be entered.

WHEREFORE, premises considered, the United States prays that the Court grant this motion ordering the Internal Revenue Service, or its designated representative, to enter the Respondent Real Property and take full and exclusive possession, custody, and control of the premises in order to secure and protect the premises pending final determination of forfeiture.

Respectfully submitted,

ROBERT PITMAN
United States Attorney

By:    _/s/ _____
Mary Nelda G. Valadez
Assistant United States Attorney
Asset Forfeiture Section
601 N. W. Loop 410, Suite 600
San Antonio, Texas 78216
Tel: (210) 384-7040
Fax: (210) 384-7045
Texas State Bar No. 20421844

Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 11, 2012, the forgoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System. There have been no appearances made in this case, therefore, there are no parties to serve.

      _/s/_____
Mary Nelda G. Valadez
Assistant United States Attorney
Tel: (210) 384-7040

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| V. | ) |
| | ) CIVIL ACTION NO.  SA-12-CV-823-OLG |
| REAL PROPERTY LOCATED AND | ) |
| SITUATED AT 9801 N. WARE ROAD, | ) |
| MCALLEN, HIDLAGO COUNTY, | ) |
| TEXAS 78504, | ) |
| | ) |
| Respondent. | ) |

ORDER TO ENTER, AND TAKE EXCLUSIVE POSSESSION,
CUSTODY, AND CONTROL OF REAL PROPERTY LOCATED AT
9801 N. WARE ROAD, MCALLEN, HIDALGO COUNTY, TEXAS

On this date came on to be considered the United States of America's Motion to Enter, and Take Exclusive Possession, Custody, and Control of Real Property Described and Situated 9801 N. Ware Road, McAllen, Hidalgo County, Texas, for Purpose of Preserving and Securing, Pending Final Determination of Forfeiture.  The Court, having considered same, is of the opinion that the Motion is meritorious and shall be, and hereby is, in all things GRANTED; and, IT IS HEREBY,

ORDERED that the Internal Revenue Service, and/or its designated representative, shall be permitted to enter and shall take exclusive possession, custody, and control of the Respondent Real Property for purpose of preserving and securing, said real property pending final determination of forfeiture, to wit:

> Lot 1, Allen Estates Subdivision, Hidalgo County, Texas, according to the plat thereof recorded in Volume 45, Page 16, Plat Records of Hidalgo County, Texas.

> The North 4.85 acres of the South 5.30 acres of Lot 143, PRIDE O'TEXAS SUBDIVISION, Hidalgo County, Texas, according to map

**thereof recorded in Volume 5, Page 58 and 59, Map Records of Hidalgo County, Texas;**

**SAVE AND EXCEPT the West 400 feet previously conveyed to Lawrence R. Thompson and wife, Margaret V. Thompson by Deed date June 15, 1994, filed for record in the Office of the County Clerk of Hidalgo County, Texas, on June 30, 1995, under Clerk's File No. 395391 and corrected by instrument filed August 15, 1995 under Clerk's File No. 469168.**

**RESERVATIONS FROM AND EXCEPTIONS TO CONVEYANCE AND WARRANTY FOR ALL OF THE AFOREMENTIONED REAL PROPERTY: Easements, rights-of-way, and prescriptive rights, whether of record or not; all presently recorded instruments, other than liens and conveyances, that affect the property.**

IT IS FURTHER ORDERED that the Internal Revenue Service and/or its designated representative shall take all necessary measures to preserve and protect the value of the above-described Respondent Real Property.

IT IS SO ORDERED.

SIGNED this the _____ day of _____, 2012.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE